UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS ALLBROOKS,

                Plaintiff,

      -against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS, *et al.*,

                Defendants.

20-CV-8602 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is incarcerated at Groveland Correcctional Facility, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated December 9, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint, and the Court has reviewed it. The action is dismissed for failure to state a claim.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

In Plaintiff's original complaint, he alleged that another inmate assaulted him in the south yard at Fishkill Correctional Facility while two corrections officers, who were stationed in the yard, talked to each other and ignored the yard activity. In the order directing Plaintiff to amend, the Court construed the complaint as asserting a claim that the officers failed to protect him, in violation of the Eighth Amendment, and granted Plaintiff leave to state facts suggesting that the officers showed deliberate indifference to a substaintial risk of serious harm to Plaintiff's safety.

In the amended complaint, Plaintiff restates the same facts alleged in the original complaint; that is, he alleges that the two officers (1) "should have been paying closer attention to the activities of the yard"; (2) "were negligent in their duties . . . by paying no attention to the going's on of that yard"; and (3) in their "direct inaction and negligent behavior allowed him to be cut by another inmate." (ECF 6, at 4.) He also alleges that "had these officers been doing their job properly and paying attention to the activities of the yard they would have seen that plaintiff had gotten cut and would have been able to ap[p]rehend the suspect/offender at the time of said incident." (*Id.*)

**DISCUSSION**

To state a failure-to-protect claim, a plaintiff must allege facts suggesting that a correction officer "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *see also Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) ("Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm."). The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff fails to allege any facts suggesting that either correction officer was aware of any risk to Plaintiff *before* he was assaulted, and failed to take reasonable measures to protect him from that harm. Rather, Plaintiff argues that the officers were, at most, negligent in performing their duties before and after the assault. But Plaintiff must state facts suggesting that the officers' subjective intent amounted to more than mere negligence. Thus, he fails to state a failiure-to-protect claim against the correction officers.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff has already been given an opportunity to amend, the Court declines to grant Plaintiff another opportunity.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated: March 31, 2021
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.